# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-cr-00291-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE SENTENCE** |
| LESLIE DANIEL LONG, | (ECF No. 94) |
| Defendant. | |

Defendant Leslie Daniel Long moves to vacate his sentence under 28 U.S.C. § 2255. He contends that an amendment to the United States Sentencing Guidelines—made years after he was sentenced—should be retroactively applied to his case. Because Long is procedurally barred from challenging his sentence and, in any event, waived his right to bring this challenge, I deny his motion.

First, Long is procedurally barred from challenging his sentence under 28 U.S.C. § 2255.[1] This statute required Long to file his challenge within one year of the date his conviction became final.[2] Long was sentenced on October 9, 2014, but he did not file his § 2255 motion until

---

[1] Long also argues that even if he cannot challenge his sentence under § 2255, he can challenge it under the common law doctrine of *Audita querela*—a common-law writ to relieve a judgment debtor where a legal defense or discharge arose subsequent to judgment. *Doe v. Immigration and Naturalization Service*, 120 F.3d 200, 203 (9th Cir. 1997). This argument fails because, as I explain below, his challenge fails on the merits. But in any event, Long provides no authority to support the contention that this judgment-debtor doctrine applies in criminal cases. Indeed, the Ninth Circuit has held that petitioners may not use this doctrine to circumvent § 2255's procedural bar. *Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (quotation omitted).

[2] Section 2255 allows petitioners to move for relief within one year of other qualifying grounds, such as the Supreme Court's initial recognition of a new constitutional right. 28 U.S.C. § 2255(f). But Long does not even attempt to argue that another limitation period applies.

November 2016—long after the deadline had passed.³ Long's failure to bring his claim within § 2255's limitation period is reason enough to deny his challenge.

Second, Long has not established that any of § 2255's substantive requirements are met. Section 2255 requires Long to show that his sentence is somehow illegal.⁴ The thrust of Long's argument is that his due process rights were violated because he should have qualified for a downward adjustment in his sentence for being a minor participant under U.S.S.G. § 3B1.2—and that the only reason he didn't qualify was that this guideline was unconstitutionally vague when he was sentenced. Long points to the fact that the U.S. Sentencing Commission amended this guideline after he was sentenced, and that the Commission explained the reason it did so was because judges were not applying it consistently.⁵ But that the Commission amended a guideline because judges inconsistently applied it does not equate to the guideline being unconstitutionally vague.⁶ And Long has not offered any authority or analysis suggesting that this guideline was unconstitutionally vague as applied to him. After all, Long was not sentenced under guideline § 3B1.2. The only authority Long cites to support his novel argument, *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), simply held that the minor participant guideline should

---

³ ECF Nos. 71, 94.

⁴ *Hamilton v. United States,* 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure").

⁵ The Commission passed Amendment 794 because "after conducting an independent review, it found that minor role reductions were being 'applied inconsistently and more sparingly than the Commission intended.'" *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (quoting U.S.S.G. App. C. Amend. 794).

⁶ A more appropriate avenue to attack Long's sentence might be 18 U.S.C. § 3582, which allows a defendant to seek to modify his sentence. But even if I construe Long's motion as seeking a modification based on the amendments to guideline § 3B1.2, his claim would fail because this sort of clarifying amendment does not apply retroactively on post-appellate review. *United States v. Stokes*, 300 Fed. App'x. 507, 508 (9th Cir. 2008).

apply to defendants on direct appeal because the U.S. Sentencing Commission indicated it should—a point the government conceded in that case.[7] Tellingly, every court that has considered the argument that Long raises here has rejected it.[8]

Finally, even if Long could get past these procedural barriers, he waived his right to bring this challenge. Long signed a plea agreement in which he "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."[9] The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.[10] Long's only argument for setting aside his waiver is that his sentence "violated the law."[11] But as I explained above, Long has not shown that his sentence is legally infirm in any way.[12] I therefore deny his motion.

To appeal this order, Long must receive a certificate of appealability from a circuit or district judge.[13] To obtain this certificate, Long "must make a substantial showing of the denial

---

[7] *Id.* at 522.

[8] *See, e.g., United States v. Burlingame*, 2016 WL 6777834, at *2 (E.D. Mich. Nov. 16, 2016); *Vanleer v. United States*, 2016 WL 6768919, at *1 (C.D. Ill. Nov. 15, 2016); *United States v. Camacho-Maldonado*, 2016 WL 6681520, at *2 (M.D. Fla. Nov. 14, 2016); *Chavez-Ramirez v. United States*, 2016 WL 6634866, at *3 (D. Haw. Nov. 8, 2016); *United States v. Lewis*, 2016 WL 6601644, at *3 (D. Minn. Nov. 7, 2016): *United States v. Song*, 2016 WL 6537979, at *2 (S.D. Miss. Nov. 3, 2016); *Rosa-Lara v. United States*, 2016 WL 4916796, at *2 (D. Utah Sept. 14, 2016).

[9] ECF No. 54 at 12.

[10] *United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993).

[11] ECF No. 97 at 1.

[12] Long also mentions in a single sentence in his reply that his equal protection rights are violated. But he provides no authority or analysis to support this contention, so I need not consider it. *See* ECF No. 97.

[13] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[14] Given the controlling authority holding that Long is barred from bringing his challenge, I deny his request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant's motion under 28 U.S.C. § 2255 **(ECF No. 94) is DENIED**.

IT IS FURTHER ORDERED that defendant's request for a certificate of appealability **is DENIED.**

DATED this 23rd day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[14] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).